**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**STEELWORX INDUSTRIAL GROUP, LLC** **PLAINTIFF**

**v.** **CASE NO. 5:26-CV-05317-DCF**

**BRANDON WEINLEIN, *et al.*** **DEFENDANTS**

# TEMPORARY RESTRAINING ORDER

On November 12, 2026, Plaintiff Steelworx Industrial Group, LLC filed a Complaint (Doc. 2), Corporate Disclosure Statement (Doc. 3), *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4), Brief in Support (Doc. 5), which includes a declaration by Steelworx's counsel, Tyler D. Mlakar, in compliance with Federal Rule of Civil Procedure 65(b)(1)(A).

Regarding the requirements of Rule 65(b)(1)(B), the Court notes that, while Steelworx has not given notice to Defendants regarding this motion, Steelworx's counsel has set forth sufficient reasons why notice should not be required. As former employees and signatories to the restrictive covenants at issue, Defendants are largely on notice of Steelworx's claims and intent to enforce the restrictive covenants. Defendant Weinlein asked Steelworx if it intended to enforce the restrictive covenant and, thereafter, resigned. Defendants Armstrong and Perez were reminded of their restrictive covenants before their departure from Steelworx. And,

notably, on September 18, 2026, Steelworx's counsel sent cease-and-desist letters to Weinlein and Armstrong identifying their violations. The following month, Weinlein formed Defendant Crusader Excavation, LLC, which Armstrong and Perez later joined. The Court agrees that notice should not be required given these facts and, consequently, proceeds *ex parte*.

The standard for analyzing a request for a temporary restraining order is the same as for a preliminary injunction. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). The Court must consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Ng v. Bd. of Regents of Univ. of Minn.*, 64 F.4th 992, 997 (8th Cir. 2023) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).

The Eighth Circuit and this District have found irreparable harm sufficient to grant a TRO when reputation and goodwill, i.e., intangible assets, are at stake. Assuming a noncompetition agreement is valid, "the lack of a preliminary injunction would leave [plaintiff] with the Hobson's choice of either filing a separate lawsuit for damages (or at least an amendment to an initial suit) each time one of the defendants solicited away another [] customer[] or waiting until [] customers and

goodwill had been completely drained away." *N.I.S. Corp. v. Swindle*, 724 F.2d 707, 710 (8th Cir. 1984).

In this District, "[t]he loss of intangible assets, such as the loss of control of confidential and proprietary information or the loss of reputation and goodwill, can constitute irreparable injury." *See Timber Automation, LLC v. FiberPro, LLC*, No. 6:20-CV-06076, 2020 WL 5878211 (W.D. Ark. Oct. 2, 2020) (citing *Untied Healthcare v. AdvancePCS*, 316 F.3d 737, 741 (8th Cir. 2002)). Where the record supports "the strong possibility" that confidential and proprietary information is being used improperly, the requesting party could be put "at a competitive disadvantage that a legal remedy could not redress." *Timber Automation, LLC*, 2020 WL 5878211, at *7. A movant "sufficiently established a threat of irreparable harm" where the harm was to "reputation and goodwill by damaging a longstanding business relationship with [competitor] and affecting future dealings between the companies." *Systems Spray-Cooled, Inc. v. FCH Tech, LLC*, No. 1:16-CV-1085, 2017 WL 2124469, at *13 (W.D. Ark. May 16, 2017).

According to Steelworx, Defendants Weinlein, Armstrong, and Perez signed certain restrictive covenants and are now violating them in their new jobs with the competing company Weinlein formed, Crusader Excavation, LLC, the formation of which is also a violation of the covenant. Weinlein, a former manager of Steelworx's Earthworx Division, violated and continues to violate the covenant by 1)

"forward[ing] confidential bid information to an outside contractor and instruct[ing] it to hold back the takeoff quantities until after the bid deadline;" 2) working for a competitor; 3) recruiting another Steelworx employee to follow him; 4) forming his own competing company; 5) sending offer letters to Steelworx employees, using confidential information to outbid Steelworx, and contacting Steelworx employees almost daily; 6) succeeding in poaching at least one Steelworx Operator; and 7) continuing to solicit other Steelworx employees. (Doc. 5, p. 2).

Steelworx contends that its "goodwill, reputation, and [] customer relationships," i.e., "intangible assets," are at risk. (*Id.* at 13). The Court agrees, especially given Weinlein's use of Steelworx's confidential information. Assuming Steelworx has valid restrictive covenants, the threat of draining away goodwill, reputation, and customer relationships constitutes irreparable harm sufficient to justify a TRO.

As such, the Court finds that Steelworx has demonstrated a likelihood of success on the merits and a threat of irreparable harm that cannot be remedied through money damages alone. In addition, the Court finds that the balance of the equities and the public interest weighs in favor of granting Steelworx temporary relief.

**IT IS THEREFORE ORDERED** that the *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4) is **GRANTED IN PART** as

to the request for a temporary restraining order but is **HELD IN ABEYANCE** as to the request for preliminary injunction. The Court **ORDERS** as follows:

1. Defendants and those acting on their behalf or in active concert with them are temporarily enjoined from violating the restrictive covenants in their Agreements.
2. **This Order shall expire fourteen (14) days after entry**, unless good cause is shown for an extension or the parties mutually consent to a longer extension.
3. The Court will set a preliminary injunction hearing by separate Order.
4. As Defendants have not entered their appearance in this case, Plaintiff's counsel is **ORDERED** to promptly serve a true and correct copy of this Order on Defendants as well as their respective counsel, if known.

**IT IS SO ORDERED** on this 13th day of November 2026.

/s/ David Clay Fowlkes
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE